IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



PEARLEAN SIMS,                §
                              §
    Plaintiff,                §
                              §
VS.                           §  NO. 4:08-CV-288-A
                              §
AT&T SBC COMMUNICATIONS, INC.,§
ET AL.,                       §
                              §
    Defendants.               §

MEMORANDUM OPINION
and
ORDER

On January 8, 2009, defendant, AT&T SBC Communications, Inc. ("AT&T"), filed a motion for summary judgment in the above-captioned action. Plaintiff, Pearlean Sims ("Sims"), did not file a response. Having considered AT&T's motion, the summary judgment evidence, and the applicable legal authorities, the court concludes that AT&T's motion for summary judgment should be granted.

I.

Sims's Claims

On May 1, 2008, Sims filed a complaint asserting various claims under Title VII of the Civil Rights Act of 1964 ("Title VII").[1] 42 U.S.C. § 2000e-2. Sims alleges that AT&T has "consistently and continuosly [sic] discriminated against [Sims] and the other female workers in [her] work group." Am. Compl. at 1.

---

[1] Sims's active pleading is an amended complaint filed May 23, 2008.

II.

## Summary Judgment Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden to show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celeotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If the nonmoving party fails to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial, summary judgment must be granted. Celetox Corp., 477 U.S. at 322.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition. Hetzel v. Bethlehem Steel

Corp., 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When no response is filed, however, the court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when those facts establish a prima facie showing of entitlement to judgment. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." Bookman v. Schubzda, 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (citing Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991).

III.

Analysis

A prerequisite for a plaintiff to bring a claim under Title VII is that defendant be an "employer." To be an "employer" for purposes of Title VII, a defendant must fall within the statutory definition of "employer" and there must be an employment relationship between the plaintiff and defendant. Deal v. State Farm County Mut. Ins. Co. of Tex., 5 F.3d 117, 118 n.2 (5th Cir. 1993). The statutory definition of "employer" requires an employer have fifteen or more employees. 42 U.S.C. § 2000e(b). There is a strong presumption that a parent corporation is not employer of its subsidiary's employees. Lusk v. Foxmeyer Health Corp., 129 F.3d 773, 778 (5th Cir. 1997). In Title VII actions, however, the Fifth Circuit construes the term "employer" broadly and "superficially distinct entities may be exposed to liability

3

upon a finding they represent a single, integrated enterprise: a single employer." Schweitzer v. Advanced Telemarketing Corp., 104 F.3d 761, 763 (5th Cir. 1997) (quoting Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983)). The court considers (1) interrelation of operations, (2) centralized control of labor and employment decisions, (3) common management, and (4) common ownership or financial control, with the primary focus on "whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation . . . ." Lusk, 129 F.3d at 777; Trevino, 701 F.2d at 404.

AT&T maintains that Sims incorrectly named it as a defendant in this action. AT&T argues that it is not an employer and is not Sims's employer. In support of this argument, AT&T provides undisputed evidence that AT&T has no employees.[2] App. at 68. Further, AT&T provides undisputed evidence that Sims was an employee of Southwestern Bell Telephone Company and that AT&T is a holding company that is legally and factually distinct from all of its subsidiaries. App. at 64, 68. AT&T also identifies that in its answer to plaintiff's amended complaint, it specifically denied that it was or ever has been Sims's employer. Implicit in this argument is the contention that there is no evidence to which Sims can point that will support the implicit argument that AT&T is her employer, a prerequisite to her claim. See Celotex Corp., 477 U.S. at 323-25; Deal, 5 F.3d at 118 n.2. Because Sims

---

[2]Because Sims filed no response, the court accepts all facts set forth in support of AT&T's motion as undisputed. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

makes no showing that AT&T is an "employer" as contemplated by Title VII, summary judgment must be granted. <u>See</u> <u>Celotex Corp.</u>, 477 U.S. at 322.

IV.

Order

For the reasons discussed above, the court concludes that AT&T's motion for summary judgment should be granted.

Therefore,

The court ORDERS that all claims and causes of action in the above-captioned action against AT&T be, and are hereby, dismissed.

SIGNED February 4, 2009.

JOHN McBRYDE
United States District Judge